## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VICKI SHAW, | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-137-WTL-MJD |
| | ) | 2:08-cr-0014-WTL-CMM-1 |
| UNITED STATES OF AMERICA. | ) | |

### Entry Denying Motion for Relief Pursuant to
### 28 U.S.C. ' 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Vicki Shaw ("Shaw") for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action **dismissed with prejudice**. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

On July 21, 2009, Shaw was charged in a Superseding Indictment with drug offenses in 2:08-cr-0014-WTL-CMM-1. On September 11, 2009, Shaw filed a petition to enter a plea of guilty. That same day, the parties submitted a written plea agreement and a written stipulated factual basis of the parties.

Paragraph 15 of the plea agreement states that Shaw "expressly waives her right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742." It further states that Shaw "expressly agrees not to contest, or seek to modify, her conviction or her sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

A change of plea hearing was conducted on September 11, 2009. In response to the questions posed by the court, Shaw testified that she and her attorney had gone over the petition to enter a plea of guilty and the plea agreement. (Transcript of Plea Hearing at pp. 7-8). Shaw testified that she signed, read and understood those documents. *Id.* Shaw testified that her attorney aided her in her understanding of both documents. *Id.* at 8. The court also elicited testimony from Shaw affirming her ability to read and comprehend. *Id.* at pp. 4-7.

During the change of plea hearing, the court discussed the many rights that Shaw was giving up by pleading guilty, including the right to appeal her conviction and sentence. *Id.* at pp. 31-32. At the end of the change of plea hearing, the court determined that Shaw was "fully competent and capable of entering informed pleas in this case." *Id.* at p. 38. The court further concluded that Shaw's pleas of guilty were "knowing and voluntary and not the result of any type of force, threat, or promises, except those particular promises contained in the plea agreement that I have gone over with you." *Id.* at 38-39.

A sentencing hearing was conducted on May 13, 2010. The court accepted Shaw's plea of guilty to Counts I, II and III of the Superseding Indictment. Shaw was sentenced to a term of imprisonment of 235 months on each count, to be served concurrently, to be followed by an aggregate term of supervised release of five years. Judgment was entered on the docket on May 18, 2010.

Shaw filed a direct appeal of her conviction and sentence. On September 24, 2010, the Seventh Circuit granted the government's motion to dismiss because Shaw had waived her opportunity to appeal. *United States v. Shaw*, No. 10-2289 (7th Cir. Sept. 24, 2010). Shaw filed her § 2255 motion on May 19, 2011.

### *Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In her § 2255 motion, Shaw asserts four claims: 1) she was denied effective assistance of counsel when counsel failed to confirm service of a subpoena on a key witness and failed to ask for a continuance of the sentencing hearing when that witness did not appear; 2) she was denied her right to appeal the two-level gun enhancement because this issue was not part of the plea agreement; 3) she was denied effective assistance of counsel when attorney Michael Donahoe failed to notify her of a 5K-1 offer that was available to her; and 4) she was denied effective assistance of counsel when Tony Zirkle failed to assist her and was disbarred three months after she retained him. The United States argues that Shaw's ' 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the

negotiation of the plea agreement. *Id.*; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver@).

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: A[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?@

With respect to Shaw's first two claims of ineffective assistance of counsel, she urges the court to carve out an exception to the waiver provision for a claim of ineffective assistance of counsel because her attorney Richard Ford failed to make sure a key witness was present at the sentencing hearing to testify that Shaw's guns were not associated with the drug offenses. Ford conceded at the sentencing hearing that the two-level firearms enhancement was proper. Shaw contends that the two-level gun enhancement was not part of her plea agreement.

Shaw's factual contention is inaccurate. Paragraph 14 of the plea agreement states, in part, that "the government reserves the right to present evidence and argument that she possessed a firearm during the commission of the offense charged in Count One and should receive a two-level increase to her total offense level pursuant to U.S.S.G. § 2D1.1(b)(1). Shaw reserves the right to contest this argument." Plea Agreement, at page 8. Therefore, the two-level firearm enhancement was addressed in the plea agreement. Shaw has not shown that her waiver was not knowingly or voluntarily made in this regard.

As to Shaw's third claim, a letter from prospective counsel Stanley Robison dated February 3, 2009, told Shaw about a 5K-1 offer that was available to her through February 5, 2009. Shaw argues that she was denied effective assistance of counsel because her then current counsel, Michael Donahoe, never mentioned the 5K-1 offer. This claim does not have any bearing on the voluntariness of her plea. Moreover, Shaw did receive a three level reduction for her acceptance of responsibility and assistance to authorities, so she not only was aware of the 5K-1 offer, she obtained the full benefit of that offer. (Sentencing Transcript at p. 13).

Shaw's final claim is that she was denied effective assistance of counsel when attorney Tony Zirkle failed to assist her and was disbarred three months after she retained him. Zirkle entered his appearance on February 5, 2009, and his motion to withdraw was granted on May 5, 2009. Richard Ford was appointed as counsel on

May 12, 2009. Shaw was continuously represented by counsel and had counsel with her at every stage of the proceedings, including during the negotiation of the plea agreement that was filed in September 2009. No exception to the plea waiver provision is implicated under these circumstances.

"We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)(internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)(internal quotation omitted). Shaw has not met that burden here.

Shaw has not shown that her plea agreement was not knowingly and voluntarily made. In addition, she has not shown any ineffective assistance of counsel as it relates to her plea agreement. Accordingly, the waiver provision is valid and will be enforced. Her ' 2255 motion is barred by the waiver provision.

The foregoing circumstances show that Shaw is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:08-cr-014-WTL-CMM-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Shaw has failed to show that reasonable jurists would find Αit debatable whether the petition states a valid claim of the denial of a constitutional right@ and Αdebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/04/12

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

**Distribution:**

**Vicki Shaw**
**Reg. No. 09141-028**
**FCI-Waseca**
**P.O. Box 1731**
**Waseca, MN 56093**

**gerald.coraz@usdoj.gov**